O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH HENDERLONG, | ) | Case No. CV 15-01147 DDP (PLAx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| | ) | |
| v. | ) | [Dkt. No. 8] |
| | ) | |
| SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  Presently before the Court is Southern California Regional Rail Authority's ("SCRRA") Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I. BACKGROUND**

  On May 9, 2014, Plaintiff's state court complaint alleging discriminatory and/or retaliatory behavior on the part of Defendant was removed to this Court, initiating a case with the same parties as this case, No. 2:14-cv-03610-DDP-PLA, hereinafter the "3610 action." In that case, Plaintiff's initial complaint alleged, as its Fourth Cause of Action, "Retaliation in Violation of Public Policy." (3610 action, Dkt. No. 1.)

On August 7, 2014, Defendant moved for judgment on the pleadings, alleging, inter alia, inadequate pleading and statutory immunity. (3610 action, Dkt. No. 12.) In his opposition to the motion, Plaintiff asked that if the Court ruled that the Fourth Cause of Action was barred by immunity, he be allowed to "file a Retaliation claim in violation of Government Code Section 12940(h), entitled "FEHA Retaliation claim." CTCA does not immunize SCRRA from retaliation liability arising from violating 12940(h)." (3610 action, Dkt. No. 14 at 7.) The Court, however, ruled only on the inadequate pleading issue, finding the Fourth Cause of Action, and did not address the immunity question. (3610 action, Dkt. No. 23.)

Defendant then moved for reconsideration of the Court's order, asking the Court to consider the immunity question. (3610 action, Dkt. No. 24.) While that motion was pending, Plaintiff filed a First Amended Complaint ("FAC"). (3610 action, Dkt. No. 25.) To prevent needless multiplication of motion practice, the Court read the motion for reconsideration as equally applicable to a substantially identical claim, now styled the Second Cause of Action, in the FAC. (3610 action, Dkt. No. 33 at 5:3-5 & n.3.) The Court found that the claim was a common law "<u>Tameny</u>" claim and used the statutes it mentioned only as points of reference in determining "public policy" for purposes of asserting the common law claim. (<u>Id.</u> at 3-6.) The claim specifically gave Labor Code § 1102.5 as an example of such a "public policy"-declaring statute, because it "protects employees for opposing the utilization of the 'at-will' agreement practice . . . when such practice is discriminatory and violative of *California Government Code §§ 12920, 12921 and 12940*." (3610 action, Dkt. No. 25, ¶ 59(b).)

2

Those Government Code sections are part of the Fair Employment and Housing Act, or "FEHA." Those sections are mentioned nowhere else in the Complaint's Fourth Cause of Action or the FAC's Second Cause of Action. The Court therefore, on reconsideration, held that the common law claim was barred by immunity and granted Plaintiff leave to amend "solely to state a claim for a statutory violation of Cal. Labor Code § 1102.5, if such a claim is warranted." (3610 action, Dkt. No. 33 at 6.)

Plaintiff subsequently filed a Second Amended Complaint ("SAC") stating a claim for a violation of § 1102.5. (3610 action, Dkt. No. 34.) Litigation in the 3610 action proceeds on Plaintiff's remaining claims.

Plaintiff has also filed a second state complaint, alleging retaliation in violation of Cal. Gov't Code § 12940, a section of FEHA; that complaint was removed and forms the basis of this action. (Dkt. No. 1.)

**II.  LEGAL STANDARD**

**A.   Rule 12(b)(1)**

Under Rule 12(b)(1), a party may move to dismiss a complaint or claim for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

**B.   Rule 12(b)(6)**

Under Rule 12(b)(6), a complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations

3

of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679.

**III. DISCUSSION**

**A.   Exhaustion of Remedies and Subject Matter Jurisdiction**

Defendant argues that Plaintiff has failed to exhaust his administrative remedies as required by FEHA, and therefore the Court lacks subject matter jurisdiction. (Reply at 6.) However, "[a]lthough California courts describe exhaustion as a jurisdictional prerequisite to suit under FEHA, this label does not implicate the trial court's fundamental subject matter jurisdiction." Rodriguez v. Airborne Express, 265 F.3d 890, 900 (9th Cir. 2001). This is because there may be equitable reasons to excuse a failure to exhaust. Id. Thus, a mere failure to exhaust administrative remedies does not divest this Court of subject matter jurisdiction.

**B.   Whether Plaintiff's New Complaint Circumvents Rule 15**

Defendant argues that Plaintiff, in bringing this action, improperly circumvented Rule 15(a)(2), which requires a party to seek leave of the court to amend a pleading. Plaintiff responds that he is "in compliance with the Court's order," which allowed amendment only to state a claim under Labor Code § 1102.5, because "the Second Amended Complaint filed on November 14, 2014 bears no reference to *Government Code Section 12940(h)* or an FEHA Retaliation theory." (Opp'n at 10.) Plaintiff argues that the

4

Court's order, which did not give him leave to amend as to a FEHA claim, "was tantamount to a declination to assume jurisdiction over the potential FEHA Retaliation." (Id. at 9.) Thus, he argues, he was "free to file an FEHA Retaliation claim in State court." (Id. at 10.)

Plaintiff's interpretation of the order is incorrect. When a party requests leave to amend as to a particular claim, and that leave is not subsequently granted, that does not mean that the court is implicitly declining jurisdiction over the claim and giving the party an opportunity to file the claim in state court instead. Such a rule would render Rule 15(a)(2) very nearly a nullity as to any claim under state law. Nor did the Court's order give any explicit indication that it was "declining jurisdiction" or leaving Plaintiff free to pursue a separate action in state court, which it most certainly would have, had that been the Court's intention.

The Court granted leave to amend "solely" as to Labor Code § 1102.5 because that was the only statutory cause of action for which the Court could discern a justification in Plaintiff's pleading regarding retaliation. As noted above, the FAC's Second Cause of Action refers to the FEHA sections of the Government Code in support of his argument that § 1102.5 prevents retaliation for whistle-blowing as to FEHA-prohibited discrimination. (3610 action, Dkt. No. 25, ¶ 59(b).) The pleading nowhere discussed FEHA's *own* anti-retaliation provisions.[1]

---

[1] The Second Cause of Action did request attorney's fees under a provision of FEHA, Cal. Gov't Code § 12965(b). (3610 action, Dkt. No. 25, ¶ 65.) However, because Plaintiff's pleading gave no
(continued...)

It is true that Plaintiff asked for leave to amend to state a FEHA claim in his opposition to Defendant's motion for judgment on the pleadings. (3610 action, Dkt. No. 14 at 7.) It is also true that Plaintiff mentioned FEHA, in his opposition to the motion for reconsideration, as an example of a statutory cause of action that would not be subject to statutory immunity. (3610 action, Dkt. No. 26 at 8.) But none of that changes the fact that the Court did not grant him leave to amend to state a FEHA claim, and he was not free to go outside the action already under way and file a new lawsuit to bring a claim he had not been given leave to present in the existing case. He was, of course, free to move for reconsideration or for leave to file another amended complaint. Plaintiff did neither.

Because filing this action improperly circumvented the Rule 15 requirement in the 3610 action, Plaintiff cannot state a plausible claim for relief. The complaint must be dismissed.

**C.   Other Grounds to Dismiss**

Because the Court dismisses on the Rule 15 issue, it does not address Defendant's other arguments as to timeliness and exhaustion.

///

///

///

---

[1](...continued) other sign that a FEHA anti-reliation claim was available or viable, and was almost entirely geared toward pleading a common law claim, this alone was insufficient to put the Court on notice as to Plaintiff's intent to advance a FEHA claim.

**IV.  CONCLUSION**

The complaint is DISMISSED.  However, this order does not bar Plaintiff from either stipulating to amend or filing a motion for leave to amend in case No. 2:14-cv-03610-DDP-PLA, in order to state a claim under FEHA.

IT IS SO ORDERED.

Dated: April 14, 2015

DEAN D. PREGERSON
United States District Judge